UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLADE J. REED,

    Petitioner,

        v.                               CAUSE NO. 3:19-CV-514-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Blade J. Reed, a prisoner without a lawyer, filed a habeas corpus petition (ECF 1) challenging the prison disciplinary hearing (CIC 16-10-298) where a Disciplinary Hearing Officer (DHO) found him guilty of Security Threat Group Activity in violation of Indiana Department of Correction offense B-208 on February 2, 2019. As a result, he was sanctioned with the loss of 30 days earned credit time. Reed lists numerous reasons why he believes he is entitled to habeas corpus relief, but the essence of his claims center on a double jeopardy argument.

Under the same disciplinary hearing number, Reed was originally charged and found guilty of aiding and abetting in the use of a cell phone when a photo of him in prison flashing gang signs was found on a cell phone outside of the prison. He challenged that finding and won. This court found his picture was insufficient evidence to find that he aided and abetted the use of a cell phone. This court granted him habeas corpus relief and ordered "the guilty finding in CIC 16-10-298 . . . vacated and that any earned credit time Reed lost as a result of this guilty finding . . . restored." *Reed. v.*

*Warden*, 3:17-cv-00725 (N.D. Ind. filed September 20, 2017), ECF 14 at 6. Reed does not dispute the original finding of guilt was vacated and the original loss of earned credit time restored. Rather, he objects that he was then charged with Security Threat Group Activity under the same disciplinary hearing number and found guilty.

The Double Jeopardy Clause does not apply in prison disciplinary cases. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). That is to say, it would not have been a violation of his due process rights to have charged him with the same violation. However, that is not what happened here. Reed was charged with a different violation, albeit one arising out of the same evidence. Reed was photographed in prison making gang signs. *See Reed. v. Warden,* 3:17-cv-00725 (N.D. Ind. filed September 20, 2017), ECF 6 (sealed confidential file). Charging him and finding him guilty of that offense did not violate the court order overturning his prior proceeding under the same disciplinary hearing number.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, the evidence is not meager and the decision to find him guilty was not arbitrary. Reed has not presented any cogent argument how he

was denied due process during his re-hearing nor any reason why he is entitled to habeas corpus relief this time.

If Mr. Reed wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith. Nevertheless, if he files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by this court.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Blade J. Reed leave to appeal in forma pauperis.

SO ORDERED on August 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT